UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:22-cv-00842-AB (JEMx) | Date: | April 12, 2022 |
|---|---|---|---|
| Title: | Hector Alcaraz v. Steadfast Insurance Company | JS-6 | |

| Present: The Honorable | ANDRÉ BIROTTE JR., United States District Judge |
|---|---|
| Carla Badirian | N/A |
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER <u>REMANDING</u> ACTION FOR LACK OF SUBJECT MATTER JURISDICTION

Before the Court is Defendant Steadfast Insurance Company's ("Defendant" or "Steadfast") Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) ("Motion"). (Dkt. No. 8-1). Plaintiff Hector Alcaraz ("Plaintiff" or "Alcaraz") filed an Opposition ("Opp'n"), (Dkt. No. 9), and Defendant filed a Reply ("Reply"), (Dkt. No. 12). Although Plaintiff did not file a motion to remand, Plaintiff argued for remand in its Opposition. This matter came up for a hearing before the Court on April 8, 2022. For the following reasons, the Court now **REMANDS** the action to state court.

## I. BACKGROUND

The following factual allegations come from Plaintiff's Complaint ("Complaint"). (Dkt. No. 1-1). Plaintiff and Defendant entered into a written insurance contract that was in effect on August 17, 2017, which provided coverage for bodily injury due to a collision with an uninsured or underinsured driver. (*Id.*, ¶ 6). On that date, Plaintiff "was involved in a heavy impact automobile vs. automobile collision

which occurred in the County of Los Angeles, State of California." (*Id.*, ¶ 14). "The impact of the collision was severe[] and nearly destroyed Mr. Alcaraz's vehicle. As a direct result of that collision, Mr. Alcaraz suffered serious and permanent injuries." (*Id.*). These injuries required Alcaraz to seek medical treatment, including a major surgery. (*Id.*).

In March of 2019, Alcaraz submitted an "Underinsured Motorist Demand" to Steadfast for $985,000. (*Id.*, ¶ 15). The policy had a limit of $1,000,000. (*Id.*, ¶ 13). When Steadfast responded to the demand, it made an offer of $7,000. (*Id.*, ¶ 15). Negotiations followed. (*Id.*). On May 31, 2019, Alcaraz "demanded arbitration pursuant to the provisions of his policy." (*Id.*). Negotiations continued until December, when the arbitration took place. (*Id.*). The arbitration resulted in an award of $532,200 (not including Plaintiff's costs). (*Id.*).

On October 22, 2021, Plaintiff filed his Complaint in the Superior Court of California for the County of Los Angeles. The Complaint included two causes of action: (i) for breach of contract, and (ii) for breach of the implied covenant of good faith and fair dealing. (Complaint at 1). Plaintiff brought these causes of action on the grounds that (a) Defendant was unreasonable in refusing to pay policy benefits due under the policy's terms (breach of contract), (*Id.*, ¶ 8), and (b) from the time that Plaintiff submitted his initial demand to the time that the arbitration took place, Defendant did not act in good faith or deal fairly with Defendant "in the handling of his underinsured motorist claim" (breach of implied convenant of good faith and fair dealing). (*See id.*, ¶ 16).

Plaintiff alleged that, "at all relevant times," Defendant knew (a) that the fault for causing the accident was entirely on the underinsured driver (and not at all on Plaintiff), (b) that, as a result of the accident, Plaintiff sustained serious and permanent injuries, (c) that, as a result of the accident, Plaintiff incurred medical expenses in excess of $285,000 and would require further treatment, and (d) that Plaintiff had a substantial claim for past and future pain and suffering, and that this meant Plaintiff's underinsured motorist claim had a gross value in excess of his final, pre-arbitration demand of $549,000. (*Id.*). Plaintiff alleged that Defendant's knowledge of these four things should have led Defendant to engage in good-faith settlement discussions but that Defendant nevertheless failed to do so. (*Id.*, ¶ 17).

Plaintiff alleged that he suffered general damages for emotional distress ("due to the manner in which Defendant handled [Plaintiff's] claim for benefits") and special damages for litigation costs and attorney's fees (for forcing Plaintiff to "undergo the arbitration process"). (*Id.*, ¶ 19). He ultimately requested a judgment

accounting for these damages, as well as punitive damages, costs, and any other relief the state court deemed just and proper. (*Id.* at 11).

On February 7, 2022, Defendant removed the action to the United States District Court for the Central District of California, (Dkt. No. 1), arguing that the Court has subject matter jurisdiction over the action because Plaintiff and Defendant are citizens of different states and because the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, (*Id.*, ¶ 6). *See* 28 U.S.C. §§ 1332(a)(1), 1441(a)–(b), 1446.

## II.   LEGAL STANDARD

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal," statutes conferring jurisdiction are "strictly construed and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). Thus, "[i]f it is *unclear* what amount of damages the plaintiff has sought, . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Gaus*, 980 F.2d at 566–67.

"In cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). This means the removing defendant must show that it is "more likely than not" that the amount in controversy exceeds $75,000. *Id.* Moreover, "it is well settled that the jurisdictional amount is established from the face of the pleadings, at the time a complaint is filed." *Maine Community Health Options v. Albertsons Companies, Inc.*, 993 F.3d 720, 723 n. 2 (9th Cir. 2021) (internal quotation marks and citations omitted).

If a defendant removes an action to federal court but the removal suffers from procedural defects, the plaintiff must notify the district court of those defects "in a timely motion to remand." *Polo v. Innovations Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) (citing 28 U.S.C. § 1447(c); *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003)). Moreover, if procedural defects are not raised in a motion to remand within the 30-day time

limit imposed by § 1447, any objections to such defects are typically deemed waived. *See Polo*, 833 F.3d at 1196 (citing *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 942 (9th Cir. 2006)).

With defects of subject-matter jurisdiction, by contrast, "[n]o motion, timely or otherwise, is necessary: ultimate responsibility to ensure jurisdiction lies with the district court." *Polo*, 833 F.3d at 1196 (citing *Kelton Arms*, 346 F.3d at 1192). Moreover, if the district court determines that subject-matter jurisdiction is lacking in a removal case, it is obligated to remand the case to state court. *See Polo*, 833 F.3d at 1196. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### III.   DISCUSSION

In his Opposition, Plaintiff argues that Defendant failed to establish in its Notice of Removal ("Removal"), (Dkt. No. 1), that the amount in controversy in this case exceeds $75,000. (Opp'n at 21–22). In support of this claim, Plaintiff (i) points out that his Complaint does not plead a specific amount of damages, and (ii) argues that Defendant did not provide sufficient evidence that the amount in controversy requirement is met in this case. (*Id.* at 22–23).

Although Defendant had an opportunity to respond to these arguments in its Reply, it chose to instead argue that the Court should not entertain Plaintiff's request for remand, since the only proper procedure for challenging removal is a motion to remand (and since Plaintiff's request for remand appeared in his Opposition to Defendant's Motion). (Reply at 7–8).

As stated above, if a plaintiff seeks to have a case remanded on the basis of procedural defects, the plaintiff must usually do so by way of a motion to remand. However, 28 U.S.C. § 1447(c) makes clear that if, at any time before final judgment, a federal court determines subject matter jurisdiction is lacking in a removed case, it must *immediately* remand the case to state court. This implies the following: if a plaintiff would like to bring a defect of subject matter jurisdiction to the district court's attention, it need not do so by way of a motion to remand. Therefore, in the present case, it was permissible for Plaintiff to challenge removal in his Opposition, since his challenge alleged a defect of subject matter jurisdiction.

In its Notice of Removal, Defendant claims that the amount in controversy in this case exceeds $75,000. (Removal, ¶ 7). It bases this claim on the following two

points: (i) "Plaintiff claims that he incurred past medical expenses in excess of $285,000 in connection with the subject incident," and (ii) "Plaintiff seeks attorneys' fees, punitive damages, and other consequential damages." (*Id.*). These claims do not establish, by a preponderance of the evidence, that the amount in controversy in this case exceeds $75,000.

Defendant's first claim is not relevant to the amount in controversy question. Plaintiff's Complaint does indeed include a statement to the effect that Plaintiff incurred past medical expenses in excess of $285,000 in connection with the subject accident. (*See* Complaint, ¶ 16). However, Plaintiff does not make this statement in order to establish the amount of damages Plaintiff believes he is owed in the present action. Rather, this statement identifies one of four things Plaintiff alleges Defendant knew during the pre-arbitration period, when the parties were negotiating over the value of Plaintiff's underinsured motorist claim. The present action does not concern the value of Plaintiff's underinsured motorist claim. Rather, it concerns Defendant's alleged breach of contract and alleged breach of the implied covenant of good faith and fair dealing, in the way that it conducted its pre-arbitration negotiations with Plaintiff. Therefore, Plaintiff's statement concerning medical expenses should not factor into the calculation of the amount in controversy for this case.

Moreover, even if this figure *were* to factor into the calculation, it would not show, by a preponderance of the evidence, that this case's amount in controversy exceeds $75,000. Defendant has already paid Plaintiff $532,200 in the form of an arbitration award, and the value of that award would certainly diminish the amount of damages Plaintiff would be entitled to, even if the cost of past medical expenses were to be deemed relevant. Such a reduction could cause the amount in controversy to fall below the jurisdictional amount.

Defendant's second claim ("Plaintiff seeks attorneys' fees, punitive damages, and other consequential damages") is vague. On its own, it does not show that the amount in controversy is to exceed $75,000.

The Complaint establishes that Plaintiff is seeking damages exceeding $25,000. This is because it was filed in the Superior Court of California as an "unlimited civil action," and such actions, by definition, involve an amount in controversy exceeding $25,000. *See* California Code of Civil Procedure §§ 85(a), 88. Crucially, however, it is unclear whether the amount in controversy exceeds $75,000.

"If it is *unclear* what amount of damages the plaintiff has sought, . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Gaus*, 980 F.2d at 566–67. "In cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]." *Sanchez*, 102 F.3d at 404. Here, Defendant has failed to do so.

In a hearing before the Court on April 8, 2022, it became clear that Plaintiff may eventually seek to recover more than $75,000 in this matter. Therefore, a time may come when the conditions for diversity jurisdiction will be met in this case. Nevertheless, "it is well settled that the jurisdictional amount is established from the face of the pleadings, at the time a complaint is filed." *Maine* Community, 993 F.3d at 723 n. 2 (internal quotation marks and citations omitted).

As explained above, Defendant has not shown, by a preponderance of the evidence, that the jurisdictional amount can be established from the face of Plaintiff's state court complaint. Had Defendant been patient, it likely would have been able to remove this case to federal court at a later time, on the basis of diversity jurisdiction. However, because Defendant removed this case prematurely, it must now return to state court.

## IV. CONCLUSION

In the Court's judgment, Defendant has not shown, by a preponderance of the evidence, that the amount in controversy requirement is met in this case. Since it appears that the Court lacks subject matter jurisdiction over this action, the Court hereby **REMANDS** this action to state court.

**IT IS SO ORDERED**.